FILED
CHARLOTTE, NC

AUG 27 2021

US DISTRICT COURT
WESTERN DISTRICT OF NC

Andre Antonio Davis

P.O. Box 551329

GASTONIA, NC 28054

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Andre Antonio Davis | ) | Case No: 3:21-CV-0061 |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | **MOTION TO OPPOSITION** |
| Monty Wilkerson   et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## **INTRODUCTION**

Defendant motion to dismiss the compliant for its failure to state a claim and to and

want the case to be dismiss in its entirety.

1

## PROCEDURAL HISTORY

Defendant alleges in answer the Plaintiff filed numerous suits in regards and some was dismissed as frivolous Plaintiff was at the earlier stages of formulation of the case and fact gathering in which Plaintiff was forcefully hacked, harass and managed by participants of the VA, FBI, Infragard, DHS, neighborhood Intelligence Community in which businesses: commercial, residential, neighborhoods, Federal, Stateand Local agencies all are bound after 911 for the safety of US and its citizens was being used by corrupt Officials and federal employees against Plaintiff in violation of 50 USC and 10 USC in a Joint Task Force operation to created a huge unconstitutional search and seizure of Plaintiff whereabouts in town and in his home around the clock to fraud, government waste, theft of government property and resources.

## STATEMENT OF FACTS

1. Defendant's alleges Compliant should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P., establish a prima facia basic basis for the Court to exercise personal jurisdiction over the is **DENIED.**

2

3.    Defendant alleges Defendant states that the compliant fails and alternatively subject to dismissal under Rule 12 (b)(6) is **DENIED**

## ARGUMENT

1.    Defendant's alleges Compliant should be dismissed as to . pursuant to Rule 12(b)(1), Fed. R. Civ. P., due to compliant fails to plausibly allege facts sufficient to establish a prima facia basic basis for the Court to exercise personal jurisdiction over the Defendant. Plaintiff is not in agreement in reviewing a facial challenge, which contest the sufficiency of the pleadings, "the court must only consider the allegations of the compliant and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," Gould Elec. Inc. v. United States, 220 F. 3d 169, 176 (3d Cir.2000)

2.    Defendant alleges the complaint is alternatively subject to dismissal under 12(b)(6) and again Plaintiff is in disagreement Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the non moving party. e.g. Warth v. Seldin, 433 U.S. 490 (1975). Also, the alleged injury must be "particularized,: in that it "must affect the plaintiff in a personal and individual way" e.g. Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560 (1992). Defendant did just that and affected Plaintiff with intentional harms of harassment physical, mental and property Defendant should not misconstrued facts by blurring the lines by mangling the issues together like a head on collision but to separate the two the fall/trip injury as one incident and the second incident was attacks by the Federal Officials , employees no matter how up close or remote was tight together bound by wire, wireless and radio frequency which all gain a profit from unlawful acts involving government property. Bivens Actions involves Official and employees acting under the color of law. Plaintiff lawsuits related but some of the investigations Plaintiff recently discover within this Domestic Surveillance is as vast and with the potential to be ongoing with new discoveries.

3

Defendant alleges the court should exercise its inherent authority to dismiss Plaintiff's disagree compliant what appears to be frivolous on its face its been cases that everyone had an opinion or state it is frivolous on its face that have survived and prevailed in court e.g. Liebeck v. McDonalds Stella Liebeck v. McDonald's Restaurants, P.T.S., Inc and McDonald's International, Inc 1994 Extra LEXIS 23 (Bernalillo County, N.M. Dist. Ct. 1994), 1995 WL 360309 (Bernalillo County, N.M.

Plaintiff concerns falls under a 50 USC and 10 USC and its not a partnership it is a duty to the country to protect the interest of the United States and keep the citizens within the borders safe and the avoidance of waste, fraud, and theft of government property within these programs by officials, companies and employees e.g., Skilling v. United States 561 U.S. 358 trusted to them by the United States of America.

## CONCLUSION

Plaintiff respectively move the court to denied Defendant Motion to Dismiss.

via US District Clerk of Court
J. Seth Johnson
227 North Tryon Street,
Charlotte, NC 28202

/s/_____ Andre A Davis
Plaintiff in pro se

Date: 8/27/2021

4