# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-061-RJC-DCK

| ANDRE ANTONIO DAVIS, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM AND** |
|  | ) | **RECOMMENDATION** |
| MONTY WILKERSON, et al., | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
|  | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "The United States' Motion To Dismiss" (Document No. 19) and "Defendants Infragard Charlotte Members Alliance, Inc. And Infragard National Members Alliance, Inc.'s Motion To Dismiss" (Document No. 23). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Andre Antonio Davis ("Plaintiff" or "Davis"), appearing *pro se*, initiated this lawsuit with the filing of a "Complaint For Violation Of Civil Rights" (Document No. 1) on February 8, 2021. The Complaint totals one hundred and eighty (180) pages, includes twenty (20) causes of action, and names fifty-five (55) individuals or organizations, most of whom are, or were, federal employees/officials. Defendants include the then U.S. Attorney for this District, the CIA Director, Acting Secretary of the Department of Homeland Security, FBI agents, Infragard Charlotte, Infragard National, and employees of Veterans Affairs. (Document No. 1). Moreover, this action is one of eighteen (18) cases *pro se* Plaintiff has filed in this Court since September 2020.

> A number of those lawsuits, alleging similar factual allegations and claims, have already been dismissed as frivolous. (See Case Nos. 3:20-cv-542-FDW-DSC, 3:21-cv-150-GCM, 3:21-cv-228-GCM, 3:21-cv-335-GCM, 3:21-cv-00474-GCM, 3:21-cv-00166-MOC-DSC, 3:21-cv-00177-MOC-DCK; 3:21-cv-00056-RJC-WCM; 3:21-cv-00100-RJC-DSC). Plaintiff has been warned that additional frivolous and meritless lawsuits may result in a pre-filing injunction against Plaintiff along with "hefty monetary sanctions." (Case Nos. 3:21-cv-166-MOC-DSC Doc. No. 23; Case No. 3:21-cv-177- MOC-DCK Doc. No. 46).

Davis v. American Automotive Association, 3:21-CV-475-RJC-DCK (Document No. 3, p. 2) (W.D.N.C. Feb. 8, 2022).

Another case from this Court recognized that *pro se* Plaintiff has filed a "string of similar lawsuits." Davis v. Microsoft Corp., et al., 3:21-CV-177-MOC-DCK (Document No. 46, pp. 5-6) (W.D.N.C. Sept. 16, 2021) (citing Davis v. Amazon.com Inc., 3:21-CV-150-GCM (Document No. 3) (W.D.N.C. June 23, 2021) (dismissing Plaintiff's Complaint with prejudice where Plaintiff alleged Amazon conspired with InfraGard to not deliver packages to him; "the Complaint is frivolous on its face and fails to state a claim upon which relief can be granted"); Davis v. Pichai, 3:21-CV-228-GCM (Document No. 3) (W.D.N.C. June 9, 2021) (dismissing case with prejudice where Plaintiff claimed Google conspired with InfraGard to track Plaintiff using its software and Google Maps); Davis v. Bridgestone Corp., No. 3:21-CV-149-MOC-DCK (Document No. 5) (W.D.N.C. July 26, 2021) (alleging that Bridgestone Americas aided the U.S. Department of Homeland Security to install tracking equipment on Plaintiff's car); Davis v. The Crawford Grp, Inc., 3:21-CV-166- MOC-DSC (Document No. 1) (W.D.N.C. Apr. 14, 2021) (claiming that The Crawford Group Inc., Enterprise Holdings, Inc., and Enterprise Rent a Car have been conspiring with InfraGard to attach tracking equipment to Plaintiff's car and monitor him via satellite); Davis v. O'Connell et al., 3:21-CV-056-RJC-WCM (Document No. 1) (W.D.N.C. Feb. 4, 2021) (alleging that InfraGard agents attached a tracking device to Plaintiff's car and have been following him)).

The Court then noted that "Plaintiff's numerous frivolous and vexatious filings are placing undue burden on the Court's already heavy docket." Id.

In this case, Plaintiff again brings familiar and fantastical claims. (Document No. 1). In short, Plaintiff suggests all Defendants are in a conspiracy against him. Id. Plaintiff alleges that "[t]he VA used their government reach [to] rec[ru]it known and unknown government agents of the FBI Infragard, FBI Department of Homeland Security to seek and destroy, harass, intimidate, assault damage vehicle, false imprisonment, and organized gang stalking attacks." (Document No. 1, p. 7). Plaintiff contends that various Government agents, entities, and officials have collaborated to put a tracking and/or listening device in his vehicle and that they seek to damage his car to prevent him from attending his appointments at a VA medical center "to give them a reason to deny him fu[]ture benefits." Id.

"The United States' Motion To Dismiss" (Document No. 19) and supporting "Memorandum…" (Document No. 19-1) were filed on August 16, 2021, and "Defendants Infragard Charlotte Members Alliance, Inc. And Infragard National Members Alliance, Inc.'s Motion To Dismiss" (Document No. 23) was filed on December 17, 2021.

*Pro se* Plaintiff timely filed a "Motion To Opposition" (Document No. 21) that the Court has construed as a response to the Government's "…Motion To Dismiss" (Document No. 19). However, the Plaintiff's response is difficult to understand and certainly does not bring any clarity to his case or effectively rebut the Government's thorough and compelling arguments for dismissal. Plaintiff did not respond to the Infragard Defendants' motion, even after receiving a Roseboro Notice. (Document No. 24).

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The undersigned finds the numerous decisions by this Court dismissing multiple actions by this serial *pro se* Plaintiff to be instructive. Among those, Judge Conrad's opinion in the most recent case appears to be equally applicable here:

> Plaintiff's Complaint alleges a conspiracy in which Defendant loaded software into Plaintiff's car and, in concert with, among others, the United States, the Infragard, and United Airlines are tracking the Plaintiff and sharing his information across the United States in violation of his constitutional rights for "illegal kickbacks." (Doc. No. 1 ¶ 5). Plaintiff's fifty-one count Complaint brings a myriad of nonsensical claims including, among others, various causes of action under Title 18 of the United States Code, state law, and the United States Constitution. Plaintiff's Complaint is frivolous and fails to state a cognizable claim for which relief may be granted. It is therefore dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

Davis v. American Automotive Association, 3:21-CV-475-RJC-DCK (Document No. 3, p. 2) (W.D.N.C. Feb. 8, 2022).

5

Based on Defendants' arguments and legal authority, as well as the precedents of this Court addressing Plaintiff's frivolous claims in other similar cases, the undersigned finds that this case should be dismissed.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends "The United States' Motion To Dismiss" (Document No. 19) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants Infragard Charlotte Members Alliance, Inc. And Infragard National Members Alliance, Inc.'s Motion To Dismiss" (Document No. 23) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 25, 2022

David C. Keesler
United States Magistrate Judge